## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **EILI GRISEL BENAVIDEZ MALDONADO,**<br><br>　　　　**Petitioner,**<br><br>　　v.<br><br>**LUIS SOTO, *et al.*,**<br><br>　　　　**Respondents.** | **Case No. 26–cv–03510–ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Eili Grisel Benavidez Maldonado's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).  (ECF No. 8.)  Respondents oppose the Petition.  (ECF No. 6.)

1.　Petitioner is a citizen of Honduras.  (ECF No. 1 ¶ 20.)  She entered the United States on November 13, 2015.  (*Id.*)

2.　She was detained near the border and eventually released pursuant to the Alternatives to Detention (ATD) program.  (*Id.* ¶ 20.)

3.　On September 1, 2016, petitioner was ordered removed *in absentia* as she did not attend her removal proceedings.  (ECF No. 1–2.)

4.　On May 18, 2021, petitioner filed an I–360 application with the United States Citizenship and Immigration Services (USCIS) seeking work authorization while she petitioned for an adjustment of status pursuant to the Violence Against Women Act (VAWA).[1]  (ECF No. 1 ¶ 28.)  The application was approved on July 25, 2024.  (*Id.*; ECF No. 1–3.)

5.　Petitioner was detained by Immigration and Customs Enforcement (ICE) on March 23, 2026 pursuant to a warrant of removal.  (ECF No. 8–1 pp. 21, 24.)  She filed a motion to reopen her immigration proceedings on March 26, 2026.  (ECF No. 1 ¶ 32.)

---

[1] Petitioner's spouse, a United States citizen, was physically abusive towards her and is subject to a final restraining order.  (ECF No. 1 ¶¶ 23, 27.)  Petitioner's minor daughter, also a United States citizen, is presently in her father's custody due to petitioner's detention.  (*Id.* ¶ 23.)

6.   This Petition followed on April 1, 2026.   (ECF No. 1.)

7.   Respondents filed an answer on April 9, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. §1231(a)(1) because she has a final order of removal and is within the 90-day mandatory detention period.   (ECF No. 8 pp. 1, 2.)

8.   On April 3, 2026, an immigration judge granted petitioner's request for a stay of removal pending further review.   (ECF No. 9–1 p.1.)   At my request, petitioner submitted an update on the temporary stay.   (ECF No. 12.) According to petitioner, the Automated Case Information for the Executive Office for Immigration Review indicates that her case is "pending," but that she has not received any written decision regarding her motion to reopen.   (*Id.*)

9.   Based on the available information, it seems that the stay issued on April 3, 2026 is still in effect pending a decision on petitioner's motion to reopen her immigration proceedings.

10.   A noncitizen "who has filed a motion to reopen immigration proceedings for consideration of relief from removal ... shall remain subject to the provisions of [this regulation interpreting §1231] unless the motion to reopen is granted."   8 C.F.R. §241.4(b)(1).

11.   There is no evidence that her motion to reopen has been granted, and the stay of removal was entered by an immigration judge, not an Article III court.   *See* 8 U.S.C. §1231(a)(1)(B)(ii) (restarting removal period "[i]f the removal order is *judicially* reviewed and if a court orders a stay of the removal" (emphasis added)); *Rodriguez-Guardado v. Smith*, 271 F. Supp. 3d 331, 333–34 & n.3 (D. Mass. 2017) (noting that stays of removal issued by immigration officials are not "judicial review" as contemplated by §1231(a)(1)(B)(ii)). Therefore, I conclude that petitioner's detention is governed by §1231.

12.   Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')."   8 U.S.C. §1231(a)(1)(A).   This 90-day detention is mandatory.   *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled.   After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

13.   "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined

(except under an immigration process), the date the [noncitizen] is released from detention or confinement."   8 U.S.C. § 1231(a)(1)(B).

14.   Here, there is no evidence that the removal order was judicially reviewed and stayed or that petitioner was confined for a reason other than immigration proceedings.   Therefore, the removal period began on the date petitioner's removal order became final.   The removal period—during which petitioner's detention was mandatory—expired on November 30, 2016.

15.   ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).   The presumptively permissible timeframe for post-removal-period detention is six months.   *Zadvydas*, 533 U.S. at 701.

16.   However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of [her] detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

17.   "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

18.   I conclude that petitioner has rebutted the presumption that her detention pending removal is reasonable, meaning her continued detention would violate her due process rights.[2]

---

[2] Section 1252(b)(9) does not strip this Court of jurisdiction because petitioner's continued detention claim does not depend on whether she is ultimately removable from the United States.

19.    The order of removal became final almost a decade ago, and there does not appear to have been any attempts to remove petitioner since that time. Indeed, the United States granted her self-petition for status pursuant to the VAWA in 2024 instead of taking steps to effectuate the removal order.   (ECF No. 1 ¶ 28; ECF No. 1–3.)   Petitioner has also moved to reopen her immigration proceedings, and the immigration court has stayed her removal pending its full review.   (ECF No. 9–1.)   Her case is listed as "pending" with no further information available.   (ECF No. 12.)   Although the administrative stay does not change which statute governs petitioner's detention, it is a signal that petitioner's removability is in question.

20.    Furthermore, petitioner may file an appeal with the Board of Immigration Appeals and a petition for review if the motion to reopen is ultimately denied.   Petitioner's proceedings may take many months to resolve given the influx of immigration habeas cases filed in this District and throughout the country, delaying petitioner's removal.

21.    Section 1231 permits a noncitizen to be released "subject to conditions of supervised release."  8 U.S.C. § 1231(a)(3)).   I find that the duration of time since the entry of the removal order, petitioner's successful VAWA petition, the necessity of preserving petitioner's familial rights, and the likely delays in petitioner's removal proceedings warrant release on appropriate conditions of supervised release in order to protect petitioner's due process rights.

Accordingly,

**IT IS** on this   **28th** day of **April 2026   ORDERED** that:

1.    Petitioner's § 2241 Petition is **GRANTED**.   Within 48 hours, respondents shall **RELEASE** petitioner subject to conditions of supervised release, 8 U.S.C. § 1231(a)(3), and with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2.    Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3.    Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4.    The Clerk shall **CLOSE** this case.

_/s/ Edward S. Kiel_

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**