**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EILI GRISEL BENAVIDEZ MALDONADO, A 208-685-505 <br><br>                 Petitioner, <br><br> v. <br><br> LUIS SOTO, Director, Delaney Hall Detention Facility; ARTHUR WILSON, in his official capacity as Interim Acting Field Office Director of the Immigration and Customs Enforcement, Enforcement and Removal Operations Newark Field Office; TODD LYONS, in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, <br><br>                 Respondents. | Civil Action No. 1:26-cv-03510-ESK <br><br> Hon. Edward S. Kiel, U.S.D.J. <br><br> **ORDER GRANTING JOINT MOTION TO SEAL** |

**THIS MATTER** having been opened to the Court by the parties, by way of a Motion to Seal by petitioner and on consent of respondents, pursuant to Local Civil Rule 5.3(c) (Motion) (ECF No. 14);

and the court having considered the papers submitted in support of the Motion; and the Court having found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information;

and for good cause having been shown, the Court hereby finds:

### **FINDINGS OF FACT**

1.      The parties seek to seal a privileged and confidential document attached as Exhibit 2 to petitioner's Reply (ECF No. 10) (hereinafter, the Confidential Material):

   a.  Declaration of K. (ECF No. 10);

2.      The Confidential Material that the parties seek to seal contains privileged and confidential information.

3.      The legitimate private or public interests that warrant confidentiality include, *inter alia*, the interest of K. (Declarant) in preventing disclosure of the Confidential Material to the public and specifically to those who would cause Declarant physical harm as a result.

4.      Declarant would likely suffer a clearly defined, substantial and specific harm—physical harm—if this motion were denied.

5.      There is no less restrictive alternative to the sealing of the Confidential Materials. The parties seek to file the entire Declaration of K. under seal because it contains highly sensitive information that, if disclosed to the public, would very likely result in physical harm to Declarant or others.

## CONCLUSIONS OF LAW

1. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and having considered the parties' submission in support of the Motion, finds that the parties have satisfied their burden of proving that the Confidential Material described above should be sealed.

2. There exists in civil cases a common law public right of access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). Documents and communications that upon release could result in physical harm have historically remained sealed. *See Doe v. Allegheny Cnty. Hous. Auth.,* No. 23-1105, 2024 WL 379959, at *3, n.5 (3d Cir. Feb. 1, 2024) (granting motion to seal for Doe where "documents and exhibits filed in this Court could expose her true name and physical address, potentially jeopardizing her physical safety."). This Court has the power to seal where confidential information may be disclosed to the public.

3.      Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest that warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

4.      The information in petitioner's submission satisfies the standards set forth in Local Civil Rule 5.3(c), and there is no less restrictive alternative to sealing the Confidential Materials. *See Rudderow v. Boston Sci. Corp.*, 2022 WL 1500958, at *6 (D.N.J. May 12, 2022) (finding that there were no less restrictive means to protect the parties' interests where the confidential material was protected by the attorney-client privilege).

**THEREFORE**, it is on this __29th__ day of __April__ .

**ORDERED** that the Motion at ECF No. 14 is **GRANTED**; and it is further

**ORDERED** that the clerk of this court shall permit the following docket entry to be permanently sealed, and shall take such other steps as may be reasonably required to maintain their confidentiality:

1) ECF No. 10

_____ */s/ Edward S. Kiel*
**Edward S. Kiel**
**United States District Judge**

4