**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EILI GRISEL BENAVIDEZ MALDONADO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, *et al.*,**<br><br>**Respondents.** | **Case No. 26–cv–03510–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Eili Grisel Benavidez Maldonado's motion for attorneys' fees (Motion) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 18.) Respondents oppose the Motion. (ECF No. 19.)

1. The Department of Homeland Security (Department) arrested petitioner, a citizen of Honduras, on March 23, 2026 and detained her in Delaney Hall Detention Facility (Delaney Hall), New Jersey. (ECF No. 8–1 pp. 21, 24.)

2. On April 1, 2026, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) challenging that detention. (ECF No. 1.)

3. On April 28, 2026, I concluded that petitioner's due process rights were violated because she rebutted the presumption that her detention pending removal was reasonable. (ECF No. 13.)

4. Petitioner now moves for attorneys' fees. (ECF No. 18.)

5. The EAJA "provides that the prevailing private party 'in any civil action (other than cases sounding in tort)' brought by or against the United States is entitled to attorneys' fees and costs if the Government's position was not 'substantially justified' or 'special circumstances make an award unjust.'" *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422 (3d Cir. 2026) (quoting 28 U.S.C. § 2412(d)(1)(A)).

6. In *Michelin*, the Third Circuit held as a matter of first impression that "[h]abeas challenges to immigration detention under 28 U.S.C. §2241 are civil actions." *Id.* at 425.

7. I granted the Petition; therefore, petitioner is a prevailing party in a civil action against the United States.

8. Respondents now bear the burden of proving their position was justified. *Id.* at 433.

9. Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)).

10. "To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)).

11. "[I]n immigration cases, the Government must meet the substantially justified test twice—once with regard to the underlying agency action and again with regard to its litigation position in the proceedings arising from that action." *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005).

12. Significantly, courts may "not assume the position of the Government was not substantially justified simply because it lost." *Michelin*, 169 F.4th at 433.

13. I conclude that respondents' pre-litigation conduct was substantially justified for purposes of the EAJA.

14. Petitioner is subject to a final order of removal. (ECF No. 8 pp. 1, 2.) 8 U.S.C. §1231 permits the Department to detain noncitizens with final removal orders. The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

15. At the time of filing, petitioner had been detained for less than six months. It was therefore reasonable for respondents to detain petitioner prior to the filing of the Petition.

16. I must now consider whether respondents' position was substantially justified during the pendency of this matter.

17. Petitioner argues that respondents were not justified because their argument was based on "a flawed interpretation" of §1231 and "a misapplication of" *Zadvydas*. (ECF No. 18 p. 4.) I disagree.

18. *Zadvydas* established a presumptively permissible timeframe of six months for detention after the 90-day removal period expired, but "it did not preclude a detainee from challenging the reasonableness of [her] detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025). However, it is the detainee's responsibility to establish that their detention is unreasonable. *See id.* at 397 ("In practical terms, before the six-month period elapses, the government bears no burden to justify detention, and the petitioner must claim and *prove*, that his removal is not reasonably foreseeable." (emphasis in original)).

19. It was not unreasonable for respondents to argue that §1231 and *Zadvydas* justified petitioner's continued detention. Other courts have concluded that challenges to a post-removal-order detention by a noncitizen who has been detained "for less than six months must be dismissed as premature." *Kevin A.M. v. Essex Cnty. Corr. Facility*, No. 21–cv–11212, 2021 WL 4772130, at *2 (D.N.J. Oct. 12, 2021).

20. "Although a single court decision is not itself proof positive of substantial justification, that the Government's position has produced favorable decisions by other federal courts and administrative courts is an 'objective indicia' of substantial justification." *Gjergj G. v. Edwards*, No. 19–cv–05059, 2019 WL 3245104, at *2 (quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988)); *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going either way can indicate that the government's position is substantially justified." (internal quotation marks omitted)).

Accordingly,

**IT IS** on this **3rd** day of **August 2026** **ORDERED** that:

1. The Motion at ECF No. 18 is **DENIED**.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**